**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

S.B., on behalf of H.P., a minor,

        Plaintiff,

vs.                                                                                                       Case No. 3:09-cv-612-J-32TEM

FLORIDA SCHOOL FOR THE DEAF
AND THE BLIND (FSDB),

        Defendant.

## ORDER[1]

This case was removed from state court by defendant who contended that plaintiff's complaint, which alleges Florida state law claims, should be re-cast as one seeking review of an administrative determination under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 et seq. It is before the Court on Plaintiff's Amended Motion To Remand To State Court (Doc. 7) and Defendant Florida School For The Deaf And Blind's Partial Motion To Dismiss (Doc. 27), and responses. (Docs. 11, 29.) The parties now concur that the complaint does not allege a claim under the IDEA.

**I.    Background**

S.B., grandmother and legal guardian to H.P., a hearing, speech and language impaired minor (Doc. 2 (Compl. ¶¶ 1, 10, 14)), filed a Petition For Injunctive Relief And Declaratory Judgment against defendant, the Florida School for the Deaf and the Blind

---

[1] Under the E-Government Act of 2002, this is a written opinion and therefore is available electronically. However, it is intended to decide the matters addressed herein and is not intended for official publication or to serve as precedent.

("FSDB") in state court in connection with procedures employed by the school when involuntarily committing H.P. for a psychiatric evaluation[2] and "dis-enrolling" H.P. as being ineligible for the program. (Doc. 2.) FSDB removed the case to this Court, contending that "[t]he seminal issue in the pending case is the disenrollment of the minor at issue from FSDB and the related allegations of a denial of an appropriate education and related services, all arising under the [IDEA]; [and] thus this Court has original jurisdiction over this matter." (Doc. 1 at 1 (citing 20 U.S.C. § 1415(i)(2)(A), (3)(A) and 28 U.S.C. § 1331).)

Plaintiff's five-count complaint, citing as its basis either the Florida Constitution, Florida statutes, or the Florida administrative code, seeks declaratory and/or injunctive relief plus attorney fees and costs. (Doc. 2.)[3] The complaint cites Fla. Stat. § 1003.57[4] as its basis for jurisdiction. (Compl. ¶ 5.)

In Count 1, plaintiff "sues . . . FSDB for violation of Article I, Section 9 of the Constitution of the State of Florida" (Compl. ¶ 59), Florida's constitutional right to due process

---

[2] Florida's Baker Act provides for involuntary examination of mentally ill individuals who pose a threat to themselves and others. See Fla. Stat. § 394.463 (describing involuntary examination criteria and procedures).

[3] As of September, 2009, H.P. remained as a day student at FSDB, "continuing to be educated at FSDB pursuant to the stay-put provisions" of Fla. Stat. § 1003.57(e) and 20 U.S.C. § 1415(j) (IDEA). (Compl. ¶ 15.)

[4] Section 1003.57 provides that "[e]ach district school board shall provide for an appropriate program of special instruction, facilities, and services for exceptional students . . . ." Fla. Stat. 1003.57(1). The statute provides that the parent of an exceptional student shall be provided notice of evaluations, placement or denials, and that the parent is entitled to a "due process hearing" on that action before an administrative law judge with the Florida Division of Administrative Hearings. Id. § 1003.57((1)(b). Any party aggrieved by the decision of the administrative law judge "has the right to bring a civil action in the state circuit court." Id.

2

of law.  Plaintiff alleges that FSDB's actions violated Florida's Baker Act, Fla. Stat. § 394.463, and denied "H.P. and Plaintiff S.B. the process that was due pursuant to law prior to involuntary commitment for evaluation."  (Id. ¶¶ 59, 60, 61.)

Count 2 alleges FSDB violated Fla. Admin. Code. r. 6D-3.002(5)  (Id. ¶ 63), which sets forth procedures governing FSDB,[5] including enrollment requirements, criteria for admission and continued enrollment, procedures for determining admission and assignment, and procedures for dismissal from enrollment.  Plaintiff alleges she did not have adequate notice that failure to agree to the school's Mental Health Plan would result "in the ineligibility of H.P. to remain at FSDB."  (Id. ¶ 65.)  Plaintiff seeks a declaration that FSDB "violated the due process rights of H.P. and Plaintiff by failing to give prior notice."  (Id. at 14.)

In Count 3, plaintiff alleges a "violation of H.P.'s rights under Florida Statute 1003.57" (id. ¶ 67), entitled "Exceptional students instruction."  Plaintiff alleges that FSDB "failed to provide necessary professional services for diagnosis and evaluation of H.P. through appropriate procedures for 'growing concerns'" and that FSDB's policy "resulted in the involuntary commitment" under the Baker Act "contrary to the requirements set out by the State of Florida Board of Education."  (Id. ¶¶ 68, 69, 70.)  Plaintiff seeks a declaration that FSDB violated Fla. Stat. § 1003.57 "by failing to provide necessary services for diagnosis and evaluation."  (Id. at 15.)

Plaintiff alleges in Count 4 of the complaint that  FSDB violated Article I, Section 2 of

---

[5]  The FSDB "is a state-supported public school for hearing-impaired and visually impaired students in preschool through 12th grade.  The school is a component of the delivery of public education within Florida's K-20 education system" and is funded through the Florida Department of Education.  Fla.Stat. § 1002.36(1).

3

the Florida Constitution (id. ¶ 72), recognizing the "Basic rights" of persons, alleging that FSDB erroneously concluded that H.P. presented a danger to herself or to others, which denied H.P. "the right to attend FSDB." (Id. ¶ 73.)

In Count 5, plaintiff alleges that the FSDB violated Fla. Stat. 1002.36(1) (id. ¶ 75), which sets forth the "Responsibilities" of the FSDB, contending that FSDB did not provide appropriate services to meet H.P.'s needs, resulting in the denial of "an appropriate education by FSDB." (Id. ¶ 77.)

The Court conducted a telephone hearing on the motion to remand on September 25, 2009. (Docs. 22, 27-2.) At the hearing, counsel for plaintiff stated she was not seeking review of a Florida Administrative Law Judge's Final Order holding that FSDB's denial of continued enrollment to H.P. did not deny her a free appropriate public education ("FAPE") required by IDEA. Rather, counsel for plaintiff reiterated that plaintiff's complaint is totally grounded in Florida law. (Doc. 27-2 at 4-5, 11-12, 38-39, 44; see Doc. 19-3 at 45, 62-66 (Final Order, State of Florida Division of Administrative Hearings (March 24, 2009)).

Subsequently, FSDB filed a partial motion to dismiss, seeking dismissal with prejudice of Counts 3, 4, and 5 contending that by not seeking review of the administrative Final Order, plaintiff "has abandoned those claims in her Complaint that challenged the ALJ's decision on both state and federal grounds, and, consequently, the ALJ's decision is now final" and Counts 3, 4, and 5 "are moot under both state and federal law." (Doc. 27 at 1-2.) FSDB withdrew its opposition to the remand of Counts 1 and 2. (Id. at 5.)

In response, plaintiff reiterated that this lawsuit "is not an appeal of the [administrative] Final Order, but a lawsuit filed pursuant to state law after having exhausted available

4

administrative remedies to settle the disputes between the parties." (Doc. 29 at 2, 5-6.)

**II.        Legal Standards Applicable To Removal**

Federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and by statute. Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994); 28 U.S.C. § 1331. "On motion to remand, the removing party bears the burden of establishing jurisdiction." Diaz v. Sheppard, 85 F.3d 1502, 1505 (11th Cir. 1996). "Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly," University of S. Ala. v. American Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999), and "all doubts about jurisdiction should be resolved in favor of remand to state court." Id. "Any claim that was originally filed in state court may be removed by a defendant to federal court if the case could have been filed in federal court originally." Hill v. BellSouth Telecommun., Inc., 364 F.3d 1308, 1314 (11th Cir. 2004)(citing 28 U.S.C. § 1441(a)). However, when the plaintiff's case is properly brought under state law, a defendant is not entitled to remove the action simply because federal law may provide a defense to the plaintiff's state law claims. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392-93 (1987).

**III.       Discussion**

Both parties now agree that plaintiff's claims are not brought pursuant to the IDEA, the only basis offered for federal jurisdiction in this case. Plaintiff's complaint challenges the procedures used by FSDB when making its dis-enrollment decision, and in its involuntary commitment of H.P. under Florida's Baker Act. Plaintiff brings these state claims as an alternative to challenging the administrative law judge's conclusion that denial of enrollment

at FSDB for failure to meet its eligibility requirements does not constitute a denial of FAPE contrary to the provisions of IDEA. Plaintiff relies upon two Florida constitutional provisions (recognizing basic rights and due process), Florida's exceptional student statute, and the Florida statute and an implementing regulation governing the FSDB. (Doc. 2 (citing Fla. Const. art. I, §§ 2, 9; Fla. Stat. §§ 1002.36, 1003.57, Fla. Adm. Code. r. 6D-3.002).) As master of her complaint, plaintiff may choose to bring state law claims only even if a federal IDEA claim is available. Moreover, S.B.'s claims do not arise under nor turn on resolution of a substantial question of federal law, nor are they pre-empted by federal law. Whether plaintiff's claims are sustainable is a question of state law. Because there is no basis for federal question jurisdiction, this case is due to be remanded. See Kalbfleisch v. Columbia Community Unit School Dist. Unit No. 4, 644 F. Supp.2d 1084 (S.D. Ill. 2009); Evergreen Sch. Dist. v. N.F., 393 F. Supp.2d 1070, 1075 (W.D. Wash. 2005); Amelia County Sch. Bd. v. Virginia Bd. of Educ., 661 F. Supp. 889 (E.D. Va. 1987).

With the IDEA eliminated from the case, the Court does not have federal subject matter jurisdiction to rule upon plaintiff's motion to dismiss Counts 3, 4 and 5.

For the foregoing reasons, it is hereby

**ORDERED**:

1. Plaintiff's Amended Motion To Remand To State Court (Doc. 7) is **GRANTED**.

2. The Court declines to rule on Defendant Florida School For The Deaf And Blind's Partial Motion To Dismiss (Doc. 27), which may be litigated in state court if

appropriate.[6]

3. This case is **REMANDED** to the Circuit Court for the Seventh Judicial Circuit in and for St. Johns County, Florida. The Clerk is directed to mail a certified copy of this Order to the clerk of the Circuit Court for the Seventh Judicial Circuit in and for St. Johns County, Florida, and to close the file.

4. The parties are to bear their own costs relating to the proceedings before this Court.

**DONE AND ORDERED** at Jacksonville, Florida, this 19th day of February, 2010.

TIMOTHY J. CORRIGAN
United States District Judge

jl.
Copies to:
Counsel of Record

---

[6] Defendant expresses concern that plaintiff may seek to amend her complaint in state court to assert federal claims. Given the consistent positions taken by plaintiff in this action, including the most recent filing (Doc. 29), that she seeks no relief under federal law, this seems very improbable; indeed, she may well be estopped from doing so.